IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES BYRON COLLUM and | ) | |
| MARY COLLUM, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 15-00208-CG-N |
| | ) | |
| SOUTHERN SPECIALTY | ) | |
| SERVICES, INC., *et al.*, | ) | |
|     Defendants. | ) | |

## REPORT AND RECOMMENDATION

This case was removed to this Court from the Circuit Court of Marengo County, Alabama, by the Defendant Southern Specialty Services, Inc. ("SSS") pursuant to 28 U.S.C. § 1441(a).[1] SSS's Notice of Removal (Doc. 1) claims diversity of citizenship under 28 U.S.C. § 1332(a)(1) as the sole basis for the Court's subject matter jurisdiction. *See* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal…containing a short and plain statement of the grounds for removal…").

The Plaintiffs have filed a Motion to Remand (Doc. 25) under 28 U.S.C. § 1447(c), raising the lone argument that SSS failed to timely comply with the undersigned's previous Order (Doc. 20) to correct its deficient allegations in support of diversity jurisdiction. SSS has timely filed a response (Doc. 27) in opposition to the motion. Though given the opportunity to do so (*see* Doc. 26), the Plaintiffs have not filed a reply to the response. This matter is now under submission and has

---

[1] The other two Defendants have joined removal. (Docs. 4, 7).

been referred to the undersigned United States Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Federal Rule of Civil Procedure 72(b). Upon consideration, and for the reasons stated herein, the undersigned **RECOMMENDS** that the Plaintiffs' Motion to Remand (Doc. 25) be **DENIED**.

On April 28, 2015, the undersigned, *sua sponte* on review of the Court's subject matter jurisdiction, determined that SSS had failed to properly allege the citizenships of the natural person Plaintiffs for purposes of establishing diversity jurisdiction, based on the plethora of circuit authority holding that "**[c]itizenship**, not residence, is the key fact that **must be alleged** . . . to establish diversity for a natural person." *E.g.*, *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (emphasis added). (*See* Doc. 20). Nevertheless, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts" 28 U.S.C. § 1653. Moreover, the Eleventh Circuit has expressly held "that the failure to establish a party's citizenship at the time of filing the removal notice is a procedural, rather than jurisdictional, defect." *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) (quotation omitted). Thus, "[i]f a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party 'to cure the omission,' as authorized by § 1653." *Id.* at 1297. Accordingly, the undersigned ordered SSS to file, no later than April 5, 2015, a supplement to its notice of removal that properly alleged the citizenships of the Plaintiffs. (Doc. 20).

SSS failed to do by the ordered deadline. However, one day after the deadline, SSS filed a motion for leave to file its supplement to the notice of removal out of time, explaining that the supplement had been timely drafted but inadvertently not filed by the deadline. (Doc. 22) Under Federal Rule of Civil Procedure 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time…on motion made after the time has expired if the party failed to act because of excusable neglect." The Court granted SSS's motion for leave to file out of time, (*see* Doc. 23 [5/6/2015 Endorsed Order by J. Granade]); thereafter, SSS promptly filed its supplement (Doc. 24), which properly alleges the citizenships of the Plaintiffs for purposes of diversity jurisdiction.

The Plaintiffs do not challenge the accuracy or sufficiency of any of SSS's allegations establishing diversity jurisdiction in their motion to remand, nor have they offered any argument as to how the Court abused its discretion under Rule 6(b)(1)(B) in granting SSS additional time to cure the procedural defect of failing to specifically allege citizenship in its notice of removal, as authorized by § 1653. *See Corporate Mgmt. Advisors*, 561 F.3d at 1296; *Clinkscales v. Chevron U.S.A., Inc.*, 831 F.2d 1565, 1568-69 (11th Cir. 1987) (reviewing district court's decision under Rule 6(b) for abuse of discretion).

Accordingly, it is **RECOMMENDED** that the Plaintiffs' Motion to Remand (Doc. 25) be **DENIED**.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the

manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); SD ALA LR 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."   11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the 2nd day of June 2015.

                                        */s/ Katherine P. Nelson*
                                        **KATHERINE P. NELSON**
                                        **UNITED STATES MAGISTRATE JUDGE**