IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES BYRON COLLUM and MARY COLLUM, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL ACTION NO. 15-208-CG-N ) |
| SOUTHERN SPECIALTY SERVICES INC., <u>et</u> <u>al.</u>, | ) ) ) ) |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the motion of Great West Casualty Insurance Company ("Great West") for summary judgment. (Doc. 39). After review of the pleadings and in light of the fact that Plaintiffs have failed to oppose summary judgment, the court finds that Great West's motion is due to be granted.

## FACTS

Plaintiff initiated this action on March 3, 2015, in the Circuit Court of Marengo County, Alabama, case number CV 15-900044. The case was removed to this Court on April 15, 2015, based on diversity jurisdiction. (Doc. 1). The complaint asserts three Counts in relation to an accident that occurred on or about March 14, 2013: (1) negligent entrustment, (2) negligent hiring, training, and retention, and (3) uninsured/underinsured motorist. (Doc. 1-1). Only Count Three of the complaint names Great West. (Doc. 1-1, pp. 8-10). Count Three alleges that Plaintiff James Byron Collum was insured under an insurance policy by Great West. (Doc. 1-1, p. 9).

On October 22, 2015, Great West moved for summary judgment on all counts brought against it. (Doc. 39). Great West's motion asserts that the tractor trailer being driven by Plaintiff James Byron Collum when he was allegedly hit by another vehicle in March 2013, was not listed on the schedule of covered autos in the Great West policy at issue. As such, Great West asserts that it owes no coverage to Plaintiffs arising out of the incident that occurred in March 2015.

Any party opposing the motion for summary judgment was ordered to file a response in opposition on or before November 5, 2015. (Doc. 40). To date, no opposition has been filed.

## ANALYSIS

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted: "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Company, 32 F.3d 520, 524 (11th Cir. 1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)). Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that

precludes summary judgment." See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  The non-moving party "may not rest on the mere allegations or denials of the [non-moving] party's pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e)  "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 at 587 (1986) (internal quotation and citation omitted).

**B. Discussion**

In the instant case, Great West has asserted "undisputed facts" that, if true, would support its assertion that it owes no coverage to Plaintiffs for the March 2013 incident involving a tractor trailer.  No party has opposed Great West's motion for summary judgment.  "In opposing a motion for summary judgment, a 'party may not rely on his pleadings to avoid judgment against him.'" Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 592 (11th Cir. 1995), cert. denied sub nom., Jones v. Resolution Trust Corp., 516 U.S. 817 (1995)(citing Ryan v. Int'l Union of Operating Eng'rs., Local 675, 794 F.2d 641, 643 (11th Cir. 1986)).  Moreover, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment.  Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint [or answer] but not relied upon in summary judgment are deemed abandoned." Id. at

599 (citations omitted).

There being no opposition to Great West's motion, the Court, after review of the pleadings, finds the motion is due to be granted.

## **CONCLUSION**

For the reasons stated above, the motion of Great West Casualty Insurance Company ("Great West") for summary judgment. (Doc. 39), is **GRANTED.**

**DONE and ORDERED** this 16th day of December, 2015.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE